IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY DE LOS SANTOS, et al.,

        Plaintiffs,

v.                                          CV 12-0375 WPL/GBW

CITY OF ROSWELL, et al.,

        Defendants.

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS

This matter is before me on Plaintiff Jeremy De Los Santos' objections[1] to United States Magistrate Judge Gregory Wormuth's order denying his motion to compel. (Doc. 112; Doc. 117.) Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties consented to have me serve as the trial judge in this matter and to resolve all dispositive motions and objections to non-dispositive orders. Having considered the facts and relevant law, I overrule De Los Santos' objections.

### FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs filed this lawsuit after being arrested on seven different occasions in connection with preaching in public. (Doc. 46.) They brought eight federal and state law claims against a number of Defendants, including Barbara Ann Patterson, the City Attorney for Roswell, New Mexico. (*Id.*) Plaintiffs served interrogatories on Patterson that sought information related to the legal advice Patterson gave to police officers and city employees. (Doc. 112 at 4.) Included in

---

[1] This action was filed by brothers Jeremy and Joshua De Los Santos, but only Jeremy De Los Santos filed the motion to compel (Doc. 78) and the supplemental brief (Doc. 105), so only he has objected to the Court's discovery order (Doc. 117). Any reference to "De Los Santos" in this order is to Jeremy.

these interrogatories were questions regarding statements contained in a police report from Sergeant Ron Smith, a lease agreement, and a memorandum from Commander Eric Brackeen.[2] (*Id*. at 4-5.) Patterson objected to these interrogatories on the basis of attorney-client privilege, and De Los Santos filed a motion to compel on the ground that Defendants waived privilege as to the statements in these three documents and that the waiver extends to all related, undisclosed materials under the doctrine of subject matter waiver. (*Id*. at 6.)

Judge Wormuth held a hearing on the motion to compel on February 5, 2013 (Doc. 81), and after the hearing, he ordered supplemental briefing on whether: (1) the statements in the police report and in the hand written note on the lease constituted confidential legal advice, and (2) the City's disclosure of the police report pursuant to a New Mexico Inspection of Public Records Act ("IPRA") request constituted subject matter waiver. (Doc. 82.) De Los Santos and Patterson timely filed their supplemental briefs. (Doc. 95; Doc. 105.)

On May 16, 2013, Judge Wormuth held a second motion hearing. (Doc. 111.) At the hearing, Judge Wormuth announced that he would deny the motion to compel, and his minutes reflect that

> [t]he parties agreed to attempt to resolve . . . any issues regarding the extent to which Plaintiff can seek additional information related to the disclosed documents . . . . If the parties are unable to resolve these issues, they may contact [Judge

---

[2] The interrogatories to Patterson read as follows:
8. Did you provide legal advice or opinions to Roswell Police Officer Eric Brackeen about Plaintiff Jeremy De Los Santos? If so, was that advice consistent with the memo attached hereto as Plaintiffs' Exhibit A / Brackeen Memo?
…
9. On or about May 28, 2011, did you advise Lanie Mitchell . . . that when the Civic Center was leased the facility parking lots were included as part of the leased premises? If so, identify each such person to whom you provided such advice.
…
10. On or about July 1, 2011, did you advise Sgt. Ron Smith or any other members of the Roswell Police Department that members of the Old Paths Baptist Church could be arrested for criminal trespass at the Roswell UFO Festival? If so identify each member of the Roswell Police Department to whom you gave such advice.

(Doc. 78 at 24-26.)

>Wormuth's] chambers to attempt to informally resolve the issue rather than filing a motion.

(*Id*. at 3.) De Los Santos conceded at the hearing that he did not need additional discovery on Patterson's absolute immunity defense, and Judge Wormuth stated that he did not believe Plaintiffs need additional discovery in order to respond to the clearly established prong of her qualified immunity defense. (*Id*. at 2.)

On May 21, 2013, Judge Wormuth entered an order denying the motion to compel. (Doc. 112 (hereinafter "discovery order").) In the discovery order, he held that: (1) all three documents contained attorney-client privileged statements; (2) Defendants did not waive attorney client-privilege as to the police report when they disclosed it as part of an IPRA request; (3) Defendants waived attorney-client privilege for the lease and the memorandum since they disclosed both documents during discovery; (4) subject matter waiver does not apply to the lease and the memorandum; and, (5) no amended response would be permitted.

Ten days later, De Los Santos timely filed objections to the discovery order (Doc. 117), and Patterson timely responded in opposition to the objections (Doc. 124).

## STANDARD OF REVIEW

When a United States Magistrate Judge rules on non-dispositive matters, such as discovery orders, a party may serve and file objections within fourteen days of his or her ruling. FED. R. CIV. P. 72(a). The presiding trial judge may only overrule the ruling if the decision is "clearly erroneous or is contrary to the law." *Id*.; *see also Allen v. Sybase, Inc*., 468 F.3d 642, 658 (10th Cir. 2006). I must affirm the ruling of Judge Wormuth unless I am "left with the definite and firm conviction that a mistake has been committed." *Allen*, 468 F.3d at 658 (10th Cir. 2006) (internal quotations marks omitted). To fail this standard, the decision "must . . . strike [me] as wrong with the force of a five-week-old, unrefrigerated dead fish." *In re Antrobus*, 563

F.3d 1092, 1098 n.2 (10th Cir. 2009) (*quoting Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).

## DISCUSSION

De Los Santos raises three objections to the discovery order. First, he argues that based on my prior order, he should be allowed additional discovery and the opportunity to file an amended response brief. (Doc. 117 at 3.) Second, he asserts that Defendants waived attorney-client privilege as to the statement in the police report when they disclosed the document early in litigation. (*Id.* at 6-7.) Third, he claims Judge Wormuth erred in denying subject matter discovery with respect to the lease and the memorandum. (*Id*. at 7.)

### I.     Amended Response & Additional Discovery

A month after De Los Santos filed his motion to compel, Patterson filed a motion for summary judgment based on qualified and absolute immunity. (Doc. 88.) It was clear from an initial review of the motion that the discovery at issue in the motion to compel would be relevant to Plaintiffs' response to Patterson's motion for summary judgment. Rather than immediately requesting a stay of the motion for summary judgment pending the resolution of the motion to compel, Plaintiffs filed a response brief requesting that I refrain from ruling on the motion for summary judgment until after the Court decided the motion to compel. (Doc. 100 at 2.) A week later, after prompting from my staff, Plaintiffs filed an unopposed motion for an extension of time to file a response. (Doc. 104.) I granted the motion and ordered that if Judge Wormuth granted the motion to compel in whole or in part, or if he permitted additional discovery, then Plaintiffs could file an amended response. (Doc. 106 at 1-2.) However, if Judge Wormuth denied the motion, declined to lift the stay of discovery, or additional discovery was not allowed, I would not permit Plaintiffs to file an amended response. (*Id*. at 2.)

The motion to compel was denied and no amended response was allowed, but De Los Santos claims that the discovery order is clearly erroneous because it is inconsistent with my order granting his motion to extend. (Doc. 117 at 3.) De Los Santos focuses on statements made by Judge Wormuth during the May 2013 hearing as support for his claim. (*Id*.) Judge Wormuth told the parties during that hearing that they could discuss the possibility of additional discovery, and that if they could not agree, they could contact his chambers for informal adjudication to avoid filing additional motions. (Doc. 111 at 3.) Patterson points out that De Los Santos conceded he did not need additional discovery on the absolute immunity arguments and that Judge Wormuth had stated that he did not believe De Los Santos needed further discovery on one prong of the qualified immunity analysis. (Doc. 124 at 5.)

The discovery order does not expressly state that Plaintiffs are entitled to additional discovery. Judge Wormuth left it to the parties to work out the details of additional discovery, though. Rather than contact his chambers to request additional discovery, and in turn, leave to file an amended response, De Los Santos objected to the discovery order, claiming that Judge Wormuth erred. Judge Wormuth did not err; De Los Santos did. I overrule the objection. If Plaintiffs would like to conduct additional discovery and file an amended response, it is for them work this out with Defendants, per the instruction of Judge Wormuth. Only after they have attempted this may they contact Judge Wormuth to ask for another extension.

**II.     Police Report**

The discovery order held that the statements contained in a Roswell Police Department Supplemental Report by Sergeant Smith dated July 6, 2011, contained attorney-client privileged information and that Defendants had not waived attorney-client privilege when they produced the report as part of an IPRA request. (Doc. 112 at 18.) In making this determination, Judge

Wormuth considered how the document was disclosed. Since the police report had been disclosed during an IPRA request, common law applied, and under the common law test, privilege was not waived. However, since the lease and the memorandum were disclosed as part of Defendants' initial disclosures, Federal Rule of Evidence 502 applied, and under that standard, privilege had been waived. (*Id*. at 13.) Judge Wormuth specifically noted that the parties had, up to that point, treated the lease and the police report as if they had only been disclosed as part of the IPRA request, but he discovered that Exhibit C of De Los Santos' motion to compel included a letter from a city attorney which included the lease and asked that it be considered as part of the initial disclosures. (Doc. 112 at 22 n.13.) The lease was Bates Stamped, which was further indication that it had been disclosed during discovery. (*Id*.) Judge Wormuth held that the lease was subject to Rule 502 since it was produced during discovery, even though he believed that the parties had not realized it.

De Los Santos argues that since the police report was also disclosed during discovery in this litigation, Rule 502 should apply, and the Court should find that Defendants waived attorney-client privilege for this document. (Doc. 117 at 6-7.) However, based on the discovery order, it is clear that De Los Santos at no point prior to these objections clearly brought this argument to the Court's attention. In fact, De Los Santos had not even argued that the lease had been disclosed during discovery; the Court had to uncover this fact on its own. (*See also* Doc. 124 at 6 (Patterson's response notes that "the IPRA production was the only issue presented to the Court by the parties").)

De Los Santos points to language in his supplemental brief in support of his motion to compel to show that this issue was in fact before the Court. Embedded in a section of the brief that addresses whether disclosure of the police report and the lease under IPRA constitutes

6

waiver, De Los Santos included the following sentence at the end of a paragraph: "Defendant City not only failed to take 'steps to limit the consequences of the disclosure,' it produced them again, in discovery in this matter." (Doc. 105 at 9.) There are no citations following this assertion to support the claim that the police report was disclosed during discovery.

In the discovery order, Judge Wormuth's realization that the lease was disclosed during discovery clearly implied that the parties had not explicitly brought this fact to his attention. Furthermore, Judge Wormuth cited Exhibit C from De Los Santos' motion to compel in support of its finding, and Exhibit C included the lease but did not include the police report. The copy of the police report attached elsewhere as an exhibit to the motion to compel is not Bates Stamped, so Judge Wormuth had no other indication that the police report had been disclosed during discovery. (Doc. 78 Ex. A at 4-6.) Lastly, a review of De Los Santos' motion and supplemental brief reveals that aside from the solitary sentence embedded in a paragraph concerning disclosure via IPRA, De Los Santos never clearly argued that the police report was disclosed during discovery.

Arguments raised for the first time in an objection to a magistrate judge's order are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)). This practice in district court is consistent with the Tenth Circuit's refusal to consider arguments raised for the first time on appeal, absent "extraordinary circumstances." *Koch v. City of Del City*, 660 F.3d 1228, 1237 n.4 (10th Cir. 2011); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1047 (10th Cir. 2005). Despite De Los Santos' brief mention of disclosure, I consider this argument to be raised for the first time here on objection. De Los Santos is represented by counsel, and his attorneys had four opportunities, two written and two oral, to explain to Judge Wormuth how the Defendants

waived attorney-client privilege. Yet, Judge Wormuth was clearly unaware of the fact that the police report was disclosed during litigation and that Rule 502 applied based on his footnote identifying the lease as subject to Rule 502. Since this is functionally the first time that De Los Santos has clearly argued that the police report is subject to Rule 502, this argument has been waived, and I overrule the objection.

### III.     Lease & Memorandum

De Los Santos' final objection is that Judge Wormuth clearly erred when he found that there was no subject matter waiver as to the lease and the memorandum, so he would not compel Patterson to respond to the related interrogatories. (Doc. 112 at 22, 25.) De Los Santos asserts that the Court should permit subject matter discovery because the requirements of Rule 502(a) have been satisfied. (Doc. 117 at 7.)

Rule 502(a) permits subject matter waiver when waiver is intentional, the disclosed and undisclosed communications or information concern the same subject matter, and the undisclosed information and intentionally disclosed communications should, in fairness, be considered together. *See* FED. R. EVID. 502(a). Relying on the advisory committee notes, Judge Wormuth explained that "a subject matter waiver . . . is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary." (Doc. 112 at 25 (quoting FED. R. EVID. 502(a) advisory committee's note (2007)).) He then considered the case law elaborating on the rule and concluded that subject matter waiver was inappropriate because "there is no evidence that Defendants disclosed the lease and memorandum while withholding other information to gain a strategic advantage in litigation. Neither of these

documents is misleading without contextualization." (Doc. 112 at 26 (citing *Oasis Int'l Waters, Inc. v. United States*, 2013 U.S. Claims LEXIS 294, *65 (Fed. Cl. Mar. 28, 2013) (unpublished); *Silverstein v. Fed. Bureau of Prisons*, No. 07-cv-02471-PAB-KMT, 2009 U.S. Dist. LEXIS 121753, *33-39 (D. Colo. Dec. 14, 2009) (unpublished); *Eden Isle Marina, Inc., v. United States*, 89 Fed. Cl. 580, 521 (Fed. Cl. 2009).)

De Los Santos states that "[t]here is no doubt that the first and second prongs of the test are met for each of the communications," and he begins his objection at the analysis conducted at the third prong. (Doc. 117 at 8.) He rejects Judge Wormuth's conclusion that the lease and memorandum are not misleading. (*Id*.) Turning first to the lease, he claims that the hand written note on the lease, "without contextualization, is misleading because the advice was not simply advice about a term in a lease; it was specifically tailored to enable the arrest of Plaintiff Joshua De Los Santos." (Doc. 117 at 8.) This argument assumes facts that are not present in the record.[3] Furthermore, even if I were to accept that the purpose of the additional terms of the lease was to enable the arrest of Joshua De Los Santos, De Los Santos does not explain how the note would mislead anyone into thinking the contrary. I agree with Judge Wormuth that the note merely clarifies the terms.

---

[3] De Los Santos provides a citation in support of his claim that the terms of the lease were engineered by Patterson to maximize the potential for arresting the De Los Santos brothers, but the citation is to his own deposition testimony. (Doc. 117 at 8 (citing Doc. 100 Ex. 9).) In the deposition, he was shown a copy of the note on the lease and asked if he had personal knowledge of who wrote the note or if he was "guessing or speculating about things." (Doc. 100 Ex. 9 at 8.) While his testimony is confusing, he stated that he had not overheard a conversation that anyone had with Patterson and no one directly told him about a conversation with Patterson. (*Id*.) He claimed that he overheard an officer tell "one of the guys there" that he was going to check with Patterson to see if the church members could stay, and that if Patterson instructed the officer to arrest the members, he would. (*Id*. at 8-9.) This statement does not support the claim that the lease was tailored in advance for the sole purpose of restricting Plaintiffs' First Amendment rights. Additionally, Patterson correctly notes that the deposition testimony was not submitted as an exhibit to any of the briefing on the motion to compel (Doc. 124 at 9), so Judge Wormuth could not have relied on this information in determining whether the lease was misleading.

De Los Santos next challenges Judge Wormuth's conclusion that subject matter waiver only applies if the lease was intentionally disclosed in a selective, misleading, or unfair manner. (Doc. 117 at 9.) According to De Los Santos, the Court need only decide if the disclosure was intentional in order to allow subject matter waiver. (*Id.* (citing *Mills v. Iowa*, 285 F.R.D. 411, 416 (S.D. Iowa 2012); *Bear Republic Brewing Co. v. Cent. City Brewing Co.*, 275 F.R.D. 43, 49 (D. Mass. 2011)).)

The plain language of Rule 502(a) is insufficient to determine how a court should gauge "fairness" in the discovery context. Luckily, the Rules Committee included a note to Rule 502 advising district courts on how to evaluate fairness, and, as Judge Wormuth discussed in the discovery order, there is case law from other circuits that rely on this committee note. I see nothing clearly erroneous about the Judge Wormuth's reliance on these legal sources in lieu of cases from the Southern District of Iowa and the District of Massachusetts.[4] In fact, this district court and other courts in this circuit regularly look to the advisory committee notes for guidance on privilege matters encapsulated in Rule 502. *See, e.g., Havens v. Johnson*, No. 09cv01380-MSK-MEH, 2013 U.S. Dist. LEXIS 61600, *20 (D. Colo. Apr. 30, 2013); *Rajala v. McGuire Woods, LLP*, Civ. No. 08-2638-CM-DJW, 2013 U.S. Dist. LEXIS 1761, *9 (D. Kan. Jan. 3, 2013); *Radian Asset Assurance, Inc. v. Coll. of the Christian Bros. of N.M*, No. CIV 09-0885 JB/DJS, 2010 U.S. Dist. LEXIS 144756, *23 (D.N.M. Oct. 22, 2010). Since there is no published Tenth Circuit case discussing the elements of "fairness," Judge Wormuth was required to consider only that which he found to be the most persuasive in order to resolve this matter. Surely an explanation of Rule 502 by its very drafters is highly persuasive, so I cannot deem his reliance on this legal authority as clear error.

---

[4] Patterson also correctly notes that *Bear Republic* considered both intent and fairness in its analysis of Rule 502 subject matter waiver. (Doc. 124 at 7-8 (citing *Bear Republic,* 275 F.R.D. at 9).)

10

Next, De Los Santos argues that the memorandum is misleading since Judge Wormuth was allegedly misled by it. The discovery order states that the memorandum concerns "people," but De Los Santos is quick to point out it is not a general memorandum, but it is specifically about him. (Doc. 117 at 10.) De Los Santos reasons that since the Judge Wormuth was "misled," this is proof that the disclosure of the memorandum was "misleading" and is grounds for subject matter waiver. The memorandum states quite clearly in its header that it concerns De Los Santos, so it is hardly misleading. (Doc. 78 Ex. C.) In fact, De Los Santos relies on the memorandum to correct Judge Wormuth's use of "people" in the discovery order, indicating that the memorandum provides clarity, not confusion. Judge Wormuth's analysis as to the memorandum, despite the use of "people," is not clearly erroneous. Thus, I overrule De Los Santos' final objection.

## CONCLUSION

For the aforementioned reasons, I overrule all three of De Los Santos' objections. Patterson's reply to the motion to summary judgment is due no later than **July 15, 2013**. If De Los Santos wishes to seek additional discovery and file an amended response to the motion for summary judgment, then Defendants' reply brief will be due within seventeen days from the filing of the response.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge